UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

POLLY A. ENGEBRETSON,

Plaintiff,

v.                         407CV047

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

Defendant.

## ORDER

Plaintiff Polly Engebretson has moved for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) and the Social Security Act (SSA), 42 U.S.C. § 406(b). Doc. # 26. Engebretson filed a claim for disability benefits under the SSA alleging that she was disabled as a result of her physical and/or mental impairments. Her application was denied by the Commissioner of the SSA, and she brought this action to appeal the Commissioner's decision. On 11/7/08 this Court entered an order remanding her case to the Commissioner for further proceedings. Doc. # 24.

I. **THE *EAJA* AWARD**

The EAJA requires the Court to award attorney's fees to any party prevailing in litigation against the United States unless the Court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden is on the Commissioner to demonstrate that his position was substantially justified. *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987). It is undisputed that Engebretson is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

Here, plaintiff has requested attorney's fees in the amount of $6,002.31 as well as $350.00 in costs. Doc. # 26-2 at 4. This amount represents fees for 12 hours of work from attorney Charles L. Martin and 22.5 hours of work from Perrie H. Naides during 2008. *Id.* The EAJA provides that the hourly rate for attorney's fees shall not exceed $125 per hour adjusted for inflation. Using the Consumer Price Index to adjust for inflation, the adjusted hourly rate cap is $173.98. That rate multiplied by the number total number of hours (34.5*173.98) equals a total of $6,002.31.

The Court has reviewed counsels' billing records and concludes that 34.5 hours of work does not seem unreasonable in this case. The Commissioner has filed a response indicating that it consents to $5,829.73 in attorney's fees as well as $350.00 for the initial filing fee. Doc. # 27. The Commissioner provides no explanation for the $172.58 difference in its attorney's fee figure, and thus the Court disregards this variance.

Plaintiff's counsel requests that the attorney's fee award be paid directly to him. The Eleventh Circuit has held that the EAJA directs an award of attorney's fees go to the plaintiff, and not to the party's attorney. *Reeves v. Barnhart*, 526 F.3d 732, 738 (11th Cir. 2008). However, the plaintiff has consented to having the attorney's fees paid directly to counsel, doc. # 26 at 3, and the Commissioner does not object. Thus, the Court will follow the common practice of allowing payment to be made directly to counsel when an assignment of benefits has been included with counsel's petition. *See Harrell v. Astrue*, 2009 WL 259725, at *1 n. 1 (N.D. Fla. 2/4/09); *Tisdale v. Astrue*, 2008 WL 4773180, at *1 (M.D. Fla. 10/28/08).

## II. THE *SSA* § 406(b) Award

Parties may seek and receive fees under both the SSA and the EAJA. *See generally Watford v. Heckler*, 765 F.2d 1562 (11th Cir. 1985); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794-95 (2002). However, to avoid double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under both § 406(b) and the EAJA must refund the lesser amount to his client. *Gisbrecht*, 535 U.S. at 796.

Additionally, fees awarded pursuant to the SSA may not exceed 25% of the past-due benefits. 42 U.S.C. § 406(b) 2006. Since the calculation of attorney's fees under § 406(b) may be contingent upon an award of past-due benefits, the fees cannot be calculated until the Commissioner has issued an award. In the event that past-due benefits are awarded on remand here, plaintiff requests that she be given 30 days after she receives a Social Security closeout letter to file for fees under 42 U.S.C. § 406(b). The Court grants this request.

## III. CONCLUSION

The Court *GRANTS* plaintiff's motion for attorney's fees and costs under the EAJA in the amount of **$6,352.31**. Doc. # 26. This award shall be paid directly to counsel.

The Court also *GRANTS* counsel's request for 30 days from receipt of plaintiff's SSA closeout letter to file for fees under 42 U.S.C. § 406(b).

This day of 12 March 2009

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA